Battle, J.
 

 The ground upon which the testimony, which was offered to prove a receipt in full of the judgment by Murchison, from the defendant Yates, in August, 1856, was rejected, is not stated, and we cannot perceive any good reason why it was not admissible. At that time, Murchison had become the equitable owner of the judgment, and as such, had the right to receive payment of it. That he had become the equitable owner of the judgment, and had, thereby, acquired the right to have payment from the defendant, Yates, cannot
 
 *616
 
 be questioned. He was the payee of the note, and had passed it to the plaintiff, Bartlett, by endorsement, as the price of certain lots, which he had purchased from Bartlett, and when that trade was cancelled, Bartlett assigned to him by parol, the judgment which he had obtained against both the maker and endorser of the note. The assignment could not pass the legal title to the judgment, but, it is obvious, that in equity, Murchison was entitled to the benefit of it as against Tates. It is certain, then, that a payment of it to him, by Tates, would be good, the equitable assignment having, at least, the effect to constitute him the agent of the assignor to receive it. Why, then, could not such payment be alleged and proved in bar of a recovery, either in an action of debt on the judgment, or, in a
 
 scire facias
 
 to revive it ? In the present case, the alleged payment, of which proof was offered, was made more than twelve months before the judgment was assigned to Phillips, for whose use the suit was brought. We think that the testimony was competent for the purpose for which it was offered, and that the Court erred in rejecting it. The judgment must be reversed and a
 
 veni/redenovo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed.